PLOTKIN, Judge.
We are called upon in this writ application to decide whether an active law clerk may practice in other divisions or sections of the court by which he is employed. We hold that law clerks may not be allowed to engage in active practice before any of the judges in the court for which he works.
In the instant case, a current, active law clerk working in Section “H” of Orleans Parish Criminal District Court enrolled as counsel of record to represent a defendant in a case to be tried before Section “G” of that court. Judge Frank J. Shea ordered the law clerk’s name removed as counsel of record for the defendant. The attorney/law clerk challenges that ruling in this writ.
We hold that Judge Shea’s actions were not only justified, but were required by Section IV of the Louisiana Canons of Judicial Ethics. That section states as follows:
A judge’s official conduct should be free from impropriety and the appearance of impropriety and his personal behavior, not only upon the Bench and in the performance of Judicial Duties but also in his everyday life, should be beyond reproach.
Certainly allowing an attorney who currently receives a salary from the district court to represent defendants appearing before judges in that court could result in the appearance of impropriety, at the least. Such law clerks have possible access to three channels of communication with the judge trying their client’s case, not open to general practitioners.
First, the law clerks working for different judges in the same court often have an extensive network by which they communicate with and assist each other with research and other legal problems. Therefore, a law clerk who represents a client being tried by another judge in the court might have the opportunity to influence the judge through communications with that judge’s clerk.
Second, the law clerk in question might have direct contact with the judge in question at some point in his tenure at the court. Though uncommon, a judge in one section might have occasion to seek the assistance of the clerk of a judge in another section through the courtesies of the judge who employs the clerk. It is therefore foreseeable that a clerk who becomes counsel of record for a defendant in anoth *158 er judge’s court might have opportunity for direct ex parte communications with the other judge.
Finally, though it is remote, the clerk might have an avenue to communicate with other judges in the court through the judge for whom he works. Judges often discuss legal problems with their colleagues during routine conferences and chance conversations during the working hours. Therefore, it may appear that the law clerk who is counsel of record for a defendant being tried by another judge has a line of communication through his employer.
Additionally, the Rules of Professional Responsibility, which apply to all members of the Louisiana Bar Association, prohibits the attorney from engaging in the conduct disapproved by the judge in this case. Although this exact situation is not addressed by the rules, conflicts of interest are discussed and prohibited by Rules 1.7, 1.8 and 1.9. Certainly representing clients in the court which currently pays one’s salary could easily result in an actual or, at least, perceived conflict of interest.
The Rules of Professional Conduct further provide that it is professional misconduct for an attorney to “state or imply an ability to influence improperly a judge.” An attorney of record in one section of court, who represents a client in another section, is in a position to consciously or unconsciously imply that he is able to influence a judge. Attorneys should not engage in any activities which could result in violation of any of the rules governing professional responsibility.
There is no evidence in the record before this court that the attomey/law clerk in this case has had any contact with the trial judge involved. However, for the policy reasons stated above, we feel a rule prohibiting law clerks from practicing before judges in the court where they are employed is necessary. This rule is not intended to extend to a law clerk practicing with the permission of his employer judge in courts other than the one by which he is employed. That is a matter to be decided by the two of them.
For the above and foregoing reasons, the judge’s action in ordering the withdrawal of the law clerk’s name as attorney of record is correct. Therefore, the writ is denied.
WRIT DENIED.